## MARTIN v. BELL–WOODS CO., Inc., et al.

No. 8940.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 14, 1932.

Rehearing Denied Feb. 1, 1933.

J. Cullen Looney, of Edinburg, for appellant.

E. A. McDaniel, of McAllen, and J. C. Epperson and Carl & Leslie, all of Edinburg, for appellees.

COBBS, Justice.

Appellant filed this suit against appellees for the rescission of a contract for the sale of land and the recovery of money paid on the contract, with interest. This is a fraud case.

Plaintiff alleged: "That defendants induced him to come to Hidalgo county, Texas, for the purpose of inspecting citrus lands and that said plaintiff, upon the inducement of said defendants, did come to Hidalgo county, Texas, and became interested in the purchase of a certain tract of land known as lots nine (9) and ten (10) in the southeast quarter of section nine (9) of the Hidalgo County Canal Company's Subdivision in Hidalgo county, Texas. That the defendants represented to him that said land was of a value of $2,500.00 per acre with young citrus trees set on the same; that he was unfamiliar with the value of Hidalgo county land but relied upon said defendants and believed said representations and was thus induced to purchase said tract of land and that he paid to said defendants the sum of $3,289.00 in cash and further agreed to pay the total consideration of $38,815.00, said consideration being based upon 22.13 acres of land at the price of $1,750.00 per acre. The plaintiff further alleged that the defendants could not give clear title to more than eighteen acres of said land although they had fraudulently misrepresented that they could give a clear title to the entire acreage above stated, that is, 22.13 acres of land. That at the time the plaintiff was induced to enter into said contract there was situated upon said tract of land buildings of the value of approximately $2,000.00, and that defendants had wrongfully and without his consent, removed said buildings from said tract of land prior to the date set for the closing of the deal for the purchase of the same. Plaintiff further alleged that the defendants had agreed to set out a total of one thousand two hundred fifty citrus trees on said tract of land being sixty trees per acre, but had failed to do so but on the contrary had set out only one thousand forty-five trees, and that defendants had agreed to set out date palms around the border of said tract of land, but this also the defendants failed to do. The plaintiff prayed that the contract be rescinded and all notes given by him in pursuance of said contract also be cancelled; that he have his damages and that an equitable vendee's lien on said tract of land be foreclosed as against all defendants having an interest therein in order to secure him in the payment of the judgment."

Default judgment was entered against M. L. Woods and Bell-Woods Company because of the failure of said defendants to appear and answer.

The plaintiff filed his first amended original petition in the cause, to which defendant George Earnhardt demurred, and it was sustained by the court; the court holding that the cause of action set forth in the first amended original petition was based partly upon contract and partly upon tort, and would therefore have to be plead in two separate counts, to which action of the court plaintiff excepted, but, in obedience to the ruling of the court, amended and filed his second amended original petition, setting out his cause of action in two separate counts. The pleading is too lengthy to copy.

At the conclusion of the trial, the court gave its peremptory instruction in favor of plaintiff, Joseph Martin, against the defendant, Bell-Woods Company, for the sum of $3,289, together with interest on $250 from April 17, 1929, and on $750 from May 23, 1929, and interest on $2.289 from June 27, 1929, at the rate of 6 per cent. per annum, and also instructed the jury to return a verdict in favor of the defendants George Earnhardt, L. R. Bell, and M. L. Woods, and against the plaintiff, Joseph Martin; and the jury returned a verdict in accordance with the peremptory instruction given to them by the court.

The court entered judgment upon said verdict of the jury on the 10th day of February, A. D. 1932, that the plaintiff, Joseph Martin, have and recover of and from the defendant, Bell-Woods Company, Inc., the sum of $3,824.17, together with interest thereon from February 10, 1932, at the rate of 6 per cent. per annum, and further decreed that the plaintiff, Joseph Martin, take nothing as against the defendants, George Earnhardt, L. R. Bell, and M. L. Woods.

We think the court erred in sustaining an exception to the pleading and requiring the appellant to file an amendment, because under the practice in Texas a pleading of tort and for damages may be properly joined in the same suit, when they grow out of the same transaction and relate to each other.

■ We think the court erred in excluding from the evidence the photographs marked for identification, 9 GEB, 10 GEB, 11 GEB, and 12 GEB, because they were material upon the issue of the suitability of the land in question for citrus culture.

■ Joseph Martin was entitled to a judgment against M. L. Woods for the amount determined. Said original petition stated a cause of action for damages sustained. Appellant had been induced to part with his money, because of false representations made to him by defendants in regard to the suitability of the land for citrus culture, but before he discovered that such representations were false, the defendants breached the contract which had been induced by their fraud, and, because of such breach, the plaintiff refused to go ahead with the contract.

■ The plaintiff, having testified that the defendants, M. L. Woods, L. R. Bell, and especially George Earnhardt, made representations to him in regard to quality, acreage, value, and title of a tract of land, and induced him to part with money, relying upon such representations, and then introduced testimony tending to show that such representations were false, he raised a question of fact for a jury, as the law holds all persons accountable in damages who make fraudulent representations as to the subject-matter of a sale, regardless of any contractual or legal relationship among the defendants, or between the plaintiff and the defendants.

As to the land, it was represented that this particular land was as good as any in the valley for citrus growing and better than any in Florida, and "that you could dig fifteen feet down and the land was just as good fifteen feet down as it was on top."

As said in Hawthorne v. Walton (Tex. Civ. App.) 30 S.W.(2d) 397, 399: "Conspiracies are conceived and concluded in secret." The unlawful acts committed taken together may be looked to as showing a common intent. 12 R. C. L. 400.

■ While a default judgment does not admit that the petition is good, yet, nevertheless, in this case under the authority of Stewart v. McAllister (Tex. Civ. App.) 209 S. W. 704, the original petition filed herein did state a cause of action, and was good against a general demurrer. The amount of damages was clearly shown by uncontradicted evidence to be the sum of $3,289, with interest thereon as allowed by law, and the court erred in giving its peremptory instruction to the jury to find in favor of defendant M. L. Woods, in spite of his default. The default judgment was entered upon the original petition, and such interlocutory judgment became final upon proof of the amount of the damages sustained by the appellant. He was entitled to judgment against defaulting defendants after he established the amount paid out by him by evidence.

It is stated in 39 Cyc. 2031, that: "The rule which has obtained for many years in this county and in England is that the purchaser of land by an executory contract, where the contract fails by reason of the vendor's default and without any fault of the purchaser, is entitled to a lien upon the land for the repayment of what he has paid under the contract."

It was shown that citrus trees would not grow on water-logged or seeped land.

A careful review of the testimony in this case makes it very apparent that it is a fact case, one entirely for a jury, and the court erred in directing an instructed verdict.

■ The plaintiff's cause of action is based upon fraud and misrepresentation, for the defendants obtained his money by such means. The judgment against Bell-Woods Company should be reformed so as to allow him the foreclosure of his vendee's lien asserted against the property in controversy; and the judgment denying appellant any relief, in so far as the defendant M. L. Woods is concerned, should be reversed and judgment rendered in favor of appellant for the sum of $3,824.17, together with interest thereon from February 10, 1932, at the rate of 6 per cent. per annum until paid, and a vendee's lien established and foreclosed against the property in controversy, in favor of appellant and against appellee M. L. Woods. The judgment rendered in this cause against appellant, and in favor of defendants George Earnhardt and L. R. Bell, is reversed, and the cause remanded.

## On Motion for Rehearing.

SMITH, Justice.

In the judgment appealed from, Joseph Martin recovered against Bell-Woods Company, but was denied recovery, following a directed verdict, against the other defendants, M. L. Woods, L. R. Bell, and George Earnhardt. In the original disposition in this court, the judgment in favor of Martin was enlarged to embrace Woods, and the establishment and foreclosure of a lien against all the parties, upon the land in controversy, while the judgment in favor of Earnhardt and Bell was reversed and remanded. Earnhardt and Woods have filed motions for rehearing. We conclude that our judgment must be revised.

■ The record shows conclusively that Martin and the Bell-Woods Company entered into at least an option contract by which the former was to purchase from the latter the tract of land involved. In pursuance of the contract Martin paid $3,239 of the agreed purchase price for the land, after which all parties in effect agreed to set aside and abandon the contract. In such case Martin was entitled as a matter of course to the return of his money.

It was alleged, and proof was offered to show, that Martin was induced to enter into the contract and pay over the money through false and fraudulent representations of the

individual defendants, and one Mickleberry, who was not impleaded, although the chief offender in the alleged conspiracy. Bell-Woods Company and its president, M. L. Woods, failed to answer the suit, and in due course judgment by default was rendered against both of them, and the cause continued for the term against the other defendants. Subsequently, after a trial on the merits, the jury were directed, and judgment was rendered, as shown above.

The judgment by default was rendered against Bell-Woods Company and Woods on Martin's original petition, whereas the cause was tried on its merits upon his second amended original petition, which was apparently but an elaboration of the original. The allegations in the latter were quite general, but in the absence of exceptions they appear to be sufficient to warrant the judgment prayed for, and therefore that judgment as against the Bell-Woods corporation, which has not appealed, should be affirmed.

But the judgment concerning Woods is in quite a different situation. Woods never appeared in the suit. He filed no pleading, no motion to set aside the judgment rendered by default against him, took no cognizance of the suit. But at the conclusion of the trial the court upon its own motion in effect set aside that judgment, and proceeded to direct a verdict and render judgment in favor of Woods. There is no affirmative explanation of this ruling of the trial judge, but we assume it was made upon the conclusion of the judge that the evidence, or the change in the pleadings and the substitution of the second amended original petition for the original, freed Woods from liability. In any event, we have concluded that this court is not warranted in rendering judgment against Woods in the face of the record and of the trial court's action.

So do we conclude that the question of the liability of the other individual appellees rests upon the facts, which should be resolved by the trial judge, or by the jury, if the evidence conflicts.

It is clear, too, as held in the original disposition, that appellant was entitled to a decree establishing and foreclosing his equitable lien upon the real estate in controversy against Bell-Woods Company to secure payment of his judgment against that corporation, which judgment is affirmed.

We think it proper to withdraw the holding, expressed in the original opinion, that a plaintiff may combine in one count an action to rescind a contract for the sale of real estate and one for damages for fraud in procuring such contract. The two actions may be joined in one suit, but they should be in separate counts, and therefore the trial court did not err in requiring appellant to amend and segregate the two actions.

The former judgment of this court will be set aside, and it is now ordered that the judgment of the trial court in favor of the individual defendants be set aside and the cause remanded for further proceedings between appellant and said parties; that the judgment in favor of appellant against Bell-Woods Company be affirmed; and that judgment be here rendered establishing and foreclosing the lien asserted by appellant upon the land in controversy in satisfaction of said judgment against Bell-Woods Company. The costs of appeal will be taxed against appellees. All motions for rehearing will be overruled.

Affirmed in part, reversed and remanded in part, and reversed and rendered in part.