## MARTIN v. MARQUARDT.
### No. 10199.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

Rehearing Denied Dec. 22, 1937.

Kelley, Looney & Norvell, of Edinburg, for appellant.

J. F. Carl, of Edinburg, for appellee.

MURRAY, Justice.

This is an action in trespass to try title brought by Edward W. Marquardt against Bell-Woods Company, a corporation, and Joseph Martin, for the title and possession of lots 1, 2, 3, and 4, of the Palm City addition, a resubdivision of lots Nos. 9 and 10 in the southeast quarter of section 9 of the Hidalgo Canal Company's subdivision of porciones 64, 65, and 66, Hidalgo county, Tex.

The trial was to the court upon an agreed statement of facts, without the intervention of a jury, and resulted in judgment in favor of appellee, Edward W. Marquardt, for the title and possession of the property involved. Joseph Martin alone has prosecuted this appeal.

It was agreed by the parties that H. J. Coons and Josephine Coons were the common source of title. Appellee, Marquardt, derived title by means of the following conveyances: (1) Deed from H. J. Coons and Josephine Coons to W. R. Hansen, dated April 13, 1929; (2) deed from W. R. Hansen to F. C. Platt, dated August 1, 1929; (3) deed from F. C. Platt to Kermit Hickman, dated November 1, 1929; (4) deed from Kermit Hickman to appellee, Marquardt, dated November 27, 1929. Appellant, Martin, claimed title to the property involved by reason of a suit by him against Bell-Woods Company, Incorporated, filed in the district court of Hidalgo county on December 19, 1929, and lis pendens notice given wherein he established an equitable lien against the land involved to secure money paid by him in the sum of $3,824.-17. This suit was appealed to this court, and the opinion is to be found in 57 S.W. 2d 271.

It is appellee's contention that he purchased this property without any knowledge of any claim thereto by Joseph Martin and without knowledge of the suit filed by Joseph Martin. It is appellant Martin's contention that Marquardt had constructive notice of his claim to this land by reason of a certain transfer of vendor's lien notes executed by W. R. Hansen to J. P.

Quinn, dated May 25, 1929, and filed for record in the county clerk's office of Hidalgo county, on the 25th day of May, 1929, and further by his suit against Bell-Woods Company, Incorporated, lis pendens notice of which was properly filed. Appellee, Marquardt, replied to this contention stating that if the transfer of the vendor's lien notice by Hansen to Quinn was any notice to him, such notice was entirely nullified by a quitclaim deed, or release, executed by Quinn to Hansen, wherein it was recited that the transfer of the vendor's lien notes to Quinn by Hansen was a mistake and that as a matter of fact Martin had never executed any such notes, and fully releasing and quitclaiming any interest which Quinn might have in this land as a result of the transfer to him of the purported vendor's lien notes. This release or quitclaim was dated November 15, 1929, and recorded on December 7, 1929.

It seems to be conceded by all parties that W. R. Hansen was a straw man for the Bell-Woods Company and held this property in trust for that company. However, this fact was not known to appellee at the time he purchased the land herein. It further appears that Joseph Martin never, at any time, had a deed to this land, but he entered into an unrecorded contract for the purchase of this land and had paid something more than $3,000 under this sales contract. However, the suit, which he filed on December 19, 1929, was a suit for rescission and cancellation of the sales contract and to recover all money paid by him on said contract, and to establish an equitable lien against this land for the sums of money paid by him.

■ The first question presented is whether or not the transfer of the vendor's lien notes by Hansen to Quinn, in which it was recited that this land had been conveyed by Hansen to Martin, and recorded in Volume ——, page ——, of the Deed Records of Hidalgo County, is to be regarded as notice to Marquardt of Martin's interest in the land. We are of the opinion that such transfer was not sufficient to put appellee on notice of Martin's claim against this land. The release will not be regarded as conveying any other notice to appellee than that which was contained in the instrument, to wit, that Martin held a deed to this land. The record now shows that this statement was false and that Martin never did have a deed to this land. Martin's

suit, to which appellee was not a party, only gave him an equitable lien to secure the payment of money which he had paid out under an unrecorded sales contract. Any investigation made by appellee would have disclosed that the statement contained in this transfer was false, and therefore this transfer was insufficient to put appellee on notice of the fact that appellant was, or might in the future assert an equitable lien against this land. Hawkins v. Willard, Tex. Civ.App., 38 S.W. 365; Cetti v. Wilson, Tex.Civ.App., 168 S.W. 996; Adams v. West Lumber Co., Tex.Civ.App., 162 S.W. 974; Johnson v. Darr, 114 Tex. 516, 272 S. W. 1098.

The record further shows that Marquardt paid full value for this land, that he knew nothing of Martin's claim at the time he purchased same, that Martin did not have any deed to this land, and that his sales contract was not of record; that appellee Marquardt lived in the State of Illinois, and did not know Martin, did not know where he lived, and never heard of him until after he purchased this land. If appellee had questioned Quinn, the person to whom the purported vendor's lien notes had been transferred, he would have been informed no doubt, as recited in the release, that it was all a mistake, and that no such notes existed. The release is of record and recites these facts.

■ A purchaser of land is only charged with information contained in instruments of record, which are in his chain of title. There is a serious question here in our minds as to whether or not the transfer from Hansen to Quinn would be regarded as an instrument in appellee's chain of title, but in view of the holding in this case we do not deem it necessary to decide this question.

■ The next question arising is whether or not the lis pendens notice of the suit by Martin against Bell-Woods Company would render appellee a lite pendente purchaser of this land. In view of the fact that appellee purchased this land prior to the time the suit was filed and lis pendens notice given, he is not charged with any notice by reason of the suit or the lis pendens notice, although his deed was not actually recorded until after such notice. Burke-Simmons Co. v. Konz, Tex.Civ.App., 178 S.W. 587; Burt v. Deorsam, Tex.Civ. App., 227 S.W. 354.

The judgment is affirmed.