## TEXAS REAL ESTATE COMMISSION v. BENTLEY.

### No. 10090.

Court of Civil Appeals of Texas. Austin.

Nov. 19, 1952.

Rehearing Denied Dec. 10, 1952.

Price Daniel, Atty. Gen., and William S. Lott and J. Milton Richardson, Asst. Attys. Gen., for appellant.

Fritz, Goldberg & Alexander and Edward C. Fritz, all of Dallas, for appellee.

ARCHER, Chief Justice.

This is an appeal by the Texas Real Estate Commission in a suit instituted in the 134th Judicial District Court, Dallas County, Texas, by William V. Bentley, Jr., Plaintiff v. Texas Real Estate Commission, Defendant. In the action before the District Court, plaintiff Bentley sought to have set aside an order of the Texas Real Estate Commission revoking the real estate dealer's license of William V. Bentley, Jr.

The appeal before this Court is based on four points.

### First Point.

The court erred in ordering the burden of proof placed upon the defendant below, Texas Real Estate Commission, and in ordering the said defendant to proceed with a showing of the facts upon which their action was based.

### Second Point.

There is no evidence to support the finding of the jury in response to special issue number one and the judgment based thereon to the effect that William V. Bentley, Jr., has accounted for money coming into his possession which belonged to Mrs. Ringer.

### Third Point.

The finding of the jury in response to special issue number one and the judgment based thereon is against the overwhelming weight of the evidence.

### Fourth Point.

The court erred in submitting special issues numbers 2, 3, and 4, which allowed the jury to substitute its findings for those of the Commission.

At the close of the testimony, after all parties had closed and before the court's charge had been read to the jury, the defendant filed its motion for instructed verdict and set out its grounds therefor, which motion was duly presented to the court at the proper time and was overruled by the court.

In the suit filed by appellee to set aside an order of the Board revoking the real estate dealer's license for failing to properly account for monies coming into appellee's possession as such dealer, alleging that the action of the Board was arbitrary and capricious and unconstitutional, and further alleged that he had good reason for failure to account for the money.

The trial court placed the burden on appellant, defendant below, to show by a preponderance of the evidence that just cause existed for the revocation of the appellee's license and held that the substantial evidence rule would not apply.

The appellee contends that he was entitled to keep the money, which the Commission claimed he had failed to account for, or if not entitled to keep it a third party who benefitted therefrom was responsible for returning it, or that even if he was responsible for returning it, he had a reasonable time within which to account for said money, or that in any event his actions were not sufficient grounds for the harsh remedy of revocation of his license.

Article 6573a, V.A.C.S., Sec. 11, provides, in part, that the Commission may, upon its own motion, and shall, upon the verified complaint in writing of any person, investigate the actions of any real estate salesman, etc.—and may suspend or revoke—any license at any time—where the real estate salesman, etc., is guilty of: Subdivision (5) "Failure within a reasonable time to account for or to remit any moneys coming into his possession which belong to others".

Section 12 of the Act provides for notice and hearing.

Section 15(a) provides for a remedy of persons aggrieved by decision of the Commission, and provides for the filing of a suit in the District Court, for trial de nova, upon its merits, and further providing that the substantial evidence rule shall not be used.

Upon trial of the case Bentley admitted that he received the $2,500 from Mrs. Ringer and that he had not returned such sum.

■ The fact that Mr. Bentley issued his check for the sum and subsequently stopped payment is an admission that he owed the money to the Ringers and they were entitled to a refund of the earnest money, as a matter of law, after Bentley and the Ringers cancelled their contract and Bentley delivered to the Ringers the $2,500 check which was not honored.

It follows that since Bentley had not accounted to the Ringers for the earnest money at the time of the trial he was guilty of violating Subdivision (5) of Section 11 of Article 6573a, V.A.C.S., and the trial court should have sustained the motion.

In the case of Bentley v. Ringer, Tex. Civ.App., 248 S.W.2d 952, 954, the Court said:

"Under such undisputed facts, when Bentley and the Ringers cancelled their contract, and Bentley returned the $2,500 deposit made by the Ringers, by delivering to the Ringers the $2,500 check sued on, the purchase contract was by such agreement and transaction rescinded as between them; and thereafter the Ringers were not necessary nor proper parties to Bentley's separate claim against the third party owners, either on the count for specific performance against the owners; or the count for the return of Bentley's $1,250 deposit thereunder. Bentley having voluntarily released the Ringers from their contract with him by returning to them their $2,500 deposit on such contract, he, as a matter of law, had no joint cause of action against the Ringers and the owners, who undisputedly had no dealings with each other, contractual or otherwise. Points 1 and 2 are overruled.

"* * * Bentley was unable to perform such contract with the Ringers and they were entitled to the return of their deposit, and such deposit had been, by the delivery of the check sued

on by the Ringers, voluntarily returned to the Ringers. If the owners were responsible for the respective contracts not being completed, they may be liable to Bentley. Such liability, however, would not excuse Bentley from furnishing title to the Ringers. When he failed to so deliver title to the Ringers, they were entitled to the return of their deposit. Under the record here they were in no position to enforce the possible remedy of specific performance since Bentley did not own the property. When Bentley returned the deposit by the check, he, as a matter of law, acknowledged his inability to perform and terminated the contract. * * *"

■ Since Bentley could not make performance of the contract to the Ringers he could not retain the money received under the contract and it was Bentley's legal duty and obligation to return the money to the Ringers and to account therefor, which means pay them back their money. Martin v. Bell-Woods Co., Tex.Civ.App., 57 S.W. 2d 271.

■ There was a delay of nine months in attempting to account for the money which is an unreasonable time.

In 64 Corpus Juris 366, Trial, Sec. 357i, it is stated:

"* * * What is a reasonable time is ordinarily a question for the jury, although it may be a mixed question of law and fact; but where the facts are undisputed, admitted, or clearly proved, and different inferences cannot be drawn therefrom, the question of reasonable time is one of law for the trial court."

■ That the appellee has not accounted for the money is without dispute, inasmuch as to "account for" means to pay to the one entitled thereto monies coming into his possession which belong to others. 1 C.J.S., Account, § 49, p. 576; Hale County, Texas v. American Indemnity Co., 5 Cir., 63 F.2d 275.

The appellant testified that he had closed his real estate office and was trying to establish himself with some other occupation, that he was licensed as an insurance agent, and was at the time of the trial a life insurance salesman.

■ We believe that it was error for the court to submit the issues to the jury, but should have sustained defendant's (appellant's) motion for an instructed verdict.

The judgment of the trial court is reversed and judgment here rendered that plaintiff, appellee herein, take nothing.

Reversed and rendered.