CHARLES RUBENSTEIN, PLAINTIFF, v. TOWNSHIP OF CRANFORD, A MUNICIPAL CORPORATION, AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF CRANFORD, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided August 9, 1960.

*Messrs. Rubenstein & Glick,* attorneys for plaintiff.

*Mr. Donald R. Creighton,* attorney for defendants.

FELLER, J. C. C. (temporarily assigned). Plaintiff commenced this action in lieu of prerogative writs and in the first count of the complaint alleges that the adoption of ordinance No. 59–7 by the Cranford Township Committee on June 23, 1959 was defective and is utterly void and ineffective in that, in violation of *R. S.* 40:55–35 (as amended by *L.* 1948, *c.* 305), the said ordinance was not first submitted to the planning board for consideration and report as to its approval or disapproval or suggestions thereon before the adoption of said ordinance.

Defendant denies the contentions of the plaintiff as set out in the first count.

■ Plaintiff moves for summary judgment in his favor on the first count of the complaint on the grounds that ordinance No. 59–7 adopted by the Township Committee of the Township of Cranford on June 23, 1959 was defective and void because said ordinance was not first submitted to the planning board of said township for consideration and report as to its approval, disapproval or suggestions thereon before the adoption of said ordinance, in violation of the provisions of *R. S.* 40:55–35 (as amended by *L.* 1948, *c.* 305).

*R. S.* 40:55–35 provides as follows:

"Such regulations, limitations and restrictions may be amended, changed, modified, or repealed, and the boundaries of such districts may be changed, by ordinance, but no amendment or change shall become effective unless the ordinance proposing such amendment or change shall first have been submitted to the planning board, when such board exists, for approval, disapproval or suggestions, and the planning board shall have a reasonable time, not less than thirty days, for consideration and report, and in the case of an unfavorable report by the planning board such amendment shall not become effective except by a favorable vote of two-thirds of the governing body."

The contentions of the parties were set out in affidavits filed. The plaintiff, a property owner, contends that the minutes of the Township Committee of the Township of Cranford for the meeting of June 9, 1959 recite that said ordinance was introduced on first reading but that said minutes do not show that the ordinance was submitted to the township planning board for approval, disapproval or suggestions. The plaintiff further contends that the minutes of said township committee for the meeting of June 23, 1959 recite that the ordinance was read for the second time and adopted by said township committee but that said minutes do not reveal that the ordinance was officially referred by the township committee to the planning board prior to the second reading, nor do said minutes show that the ordinance was approved by the planning board either orally or in writing, and that said minutes do not recite

the receipt of any report on the said ordinance from said planning board, either orally or in writing, or that the ordinance was submitted to the planning board at any time.

The plaintiff relies on *Hasbrouck Heights Hospital Association v. Hasbrouck Heights*, 15 *N. J.* 447 (1954), and also *Wollen v. Fort Lee*, 27 *N. J.* 408 (1958).

The defendant contends that the Township of Cranford, early in 1958, decided that rather than continuing to amend its original zoning ordinance, it would be better to adopt an altogether new one. It employed, pursuant to ordinance, planning consultants in March 1958. They met many times with the township committee, the planning board, the tax assessor and the township engineer, board of adjustment, building inspector and attorney. The consultants submitted a draft for a general zoning ordinance. After study of it by all of the above officials, they made further suggestions. The consultants thereafter submitted a second draft to incorporate those suggestions.

A synopsis of the proposed ordinance was published in the *Citizen and Chronicle*, a local newspaper, in April 1959, and on May 7, 1959 a public forum was held and, as the result of suggestions received, further changes were made in the second draft. In its final form it was apparently referred by the township committee to the planning board for approval.

The defendant further contends that the planning board reported its approval orally through a member, who was also chairman of the township committee—at the executive session of the township committee—prior to the first reading of the proposed ordinance on June 9, 1959 and again at a public hearing on June 23, 1959, prior to its final reading, when it was passed, and that the approval by the planning board took place on May 14, 1959. These contentions are backed by several affidavits, one by a former mayor. Attached to his affidavit are photostats of correspondence showing clearly that the planning board participated in the discussions of the proposed ordinance.

The defendant states that the planning board actively participated in every phase of the formulation of the zoning ordinance from its inception; that the planning board considered the proposed ordinance and each of its specific provisions and made suggestions and recommendations to the township committee which were considered at the various meetings and were generally incorporated in the proposed ordinance.

The defendant further contends that through inadvertence no record of the planning board's approval of the ordinance appears in the minutes of the board, and in view of this fact the planning board on July 9, 1959 unanimously adopted a resolution setting forth the participation of the board in the preparation of the ordinance and further setting forth the board's prior approval.

The issue is whether there is a question of fact involved that would preclude the entry of summary judgment.

The *Hasbrouck Heights* case, *supra,* involved a situation where a zoning ordinance had been rushed through. It had never been referred to or submitted to the planning board, even informally, prior to the first reading, nor was it officially referred to it prior to the second reading, and the purported approval by the planning board was not officially reported by it to the governing body, either orally or in writing. Lack of compliance with the same *R. S.* 40:55–35 was the contention of the plaintiff in that case.

Although the court said that in construing the amendatory language it must look to the prior law, the matters deemed to require correction thereunder and the remedy enacted, and that the prior statute required reports to be in writing, a more complete story of why the ordinance was declared invalid can only be understood by this rather lengthy quotation, from *pages* 454 and 455 of 15 *N. J.:*

"The Zoning Act, however, in *R. S.* 40:55–35, prior to the 1948 amendment thereof, permitted amendments to municipal zoning ordinances without conformity to municipal planning. This seems to have been the statutory void requiring correction at the time of the

enactment of *L*. 1948, *c*. 305, *supra*, insofar as it amended *R. S.* 40:55–35, *supra*. The provisions of the Planning Act of 1930 required action of the planning board· to be in the form of a report, and in no instance authorized an oral communication. The general scheme required planning for the present and future in forms which could be effectuated *only by writing*. Insofar as planning for public use was concerned, approval by the planning board was expressly required to be in writing. *R. S.* 40:55–7, *supra*. Obviously in matters of zoning amendment the same careful study and procedure was intended to obtain in matters referred to the planning board for approval under *R. S.* 40:55–35, as amended by *L.* 1948, *c.* 305, *sec.* 4, *supra*. The salutary utility of a report in writing is obvious.

While there is a presumption of validity of municipal action, there is evidence in the present case clearly negating that presumption. *The borough clerk's testimony* and the minutes of the governing body and the planning board show that *the ordinance was not submitted to the planning board, even informally, prior to first reading; that it was not officially referred by the governing body to the planning board prior to the second reading;* and that the purported approval by the planning board was not officially reported by it to the governing body *either orally or in writing*. No minutes of an order for transmission appear in the minutes of the planning board and no minutes of the governing body recite receipt of any report on this ordinance from the planning board. Under these circumstances the presumption of validity of the enactment of the ordinance is overcome. Compare *West Essex Bldg., &c., Assn. v. Caldwell,* 112 *N. J. L.* 466, 469–471 (*Sup. Ct.* 1934), affirmed *per curiam,* 113 *N. J. L.* 398 (*E. & A.* 1934). *There was no semblance of a report from the planning board to the governing body in the present case.*
\*   \*   \*

The record indicates that the approval of Ordinance No. 652 was effected in haste and without full consideration of its merits in accord with the spirit of municipal planning. There is nothing in *R. S.* 40:55–35, as amended by *L.* 1948, *c.* 305, *sec.* 4, *supra,* from which it can be inferred that the Legislature has authorized precipitous action. Compare *Driscoll v. Burlington-Bristol Bridge Co.,* 8 *N. J.* 433, 478 (1952). The specific statutory language is otherwise, namely, that the planning board 'shall have a reasonable time, not less than thirty days, for consideration and report.' *R. S.* 40:55–35, as amended by *L.* 1948, *c.* 305, *sec.* 4, *supra.* An exercise of delegated power in a manner not within the contemplation of the Legislature must be restrained within proper bounds and be held void. *Grogan v. De Sapio, supra* (11 *N. J.,* at *pages* 322, 324.) *In passing it is observed that the Municipal Planning Act* (1953), *L.* 1953, *c.* 433, *N. J. S. A.* 40:55–1.1 *et seq., is not specifically involved in the matters passed upon herein.*" (Italics supplied)

It is evident, therefore, that the zoning ordinance under consideration in the *Hasbrouck Heights* case was "railroaded" through without the approval of the planning board. Furthermore, in *Hasbrouck Heights, supra,* the court (at *page* 454) seems to indicate that the report of the planning board under *R. S.* 40:55–35 should be in writing, since *R. S.* 40:55–7 provides for a written report, and since the salutary utility of a written report is obvious, while in the same case, at *pages* 454–455, the court held that the purported approval by the planning board was not officially reported to the governing body either *orally* or in writing and for this reason—among others—the ordinance was invalid. This seems to indicate that it would have been proper procedure to give the report orally.

Insofar as planning for public use is concerned, *R. S.* 40:55–7 provides that the planning board submit its report in writing to the governing body, and *R. S.* 40:55–35, *supra,* provides only that the planning board submit a report to the governing body. This statute does not provide that the report should be in writing. If the Legislature had intended this, it would have provided for the same as was done in *R. S.* 40:55–7. To "report" means to convey or disseminate information and desired information which is locked up in one's breast and not disclosed is not "reported." That which is not made known is not "reported." *Lightfoot v. State,* 128 *Tex. Cr. R.* 281, 80 *S. W.* 2d 984, 985 *(Ct. Crim. App.* 1935); *Hasbrouck Heights Hospital Association v. Borough of Hasbrouck Heights, supra.*

*Wollen v. Fort Lee,* 27 *N. J.* 408 (1958), is also cited by the plaintiff. That case, however, said nothing about the necessity for a planning board to report in writing and, at *page* 421, the court said that the act is to be given a reasonable construction to advance the essentials of the avowed policy. The court further held that under the statute a planning board may have a reasonable time, not less than 30 days, for the performance of its statutory function, but

it may act in less time and if it does the statutory prerequisite is met. Elapse of the 30-day period is not a jurisdictional *sine qua non* once the planning board has taken conclusive action.

In *Kozesnik v. Montgomery Township,* 24 *N. J.* 154, 166 (1957), the court stated that it saw no reason why the Legislature intended by necessary implication that a comprehensive plan be portrayed in some physical form outside the ordinance itself, and a plan may be revealed in the end product—here the zoning ordinance—and no more is required by the statute.

█ There is a presumption of the validity of municipal actions. *Manning v. Paramus,* 37 *N. J. Super.* 574 (*App. Div.* 1955), involved an action by a property owner to nullify the validity of a zoning ordinance on grounds that such ordinance was arbitrary and capricious, not conformable with any comprehensive zoning plan, and had not been procedurally considered, published and adopted in accord with requirements of applicable statutes. The court granted summary judgment against the defendant on ground that the ordinance had been amended without being procedurally considered, published and adopted in accord with requirements of the statutes, and the defendants appealed. The Appellate Division, Jayne, J. A. D., held that certain deletions from the ordinance did not alter the manifest objective intent and materiality of the ordinance and therefore such alteration did not necessitate publication and rehearing thereon, and reversed the summary judgment.

The court stated, at *page 579*:

"Anent the first question, we are not informed factually in an evidential fashion whether the obvious deletion of subsection (b) was the result or not of unrecorded official action of the municipal governing body. We are not in the law to presume, however, in all circumstances that no essential official action was taken merely because of the absence of any relative entry thereof in the minutes prepared by the clerk or secretary at the meeting. *Cf. Hasbrouck Heights Hosp. Assn. v. Borough of Hasbrouck Heights,* 15 *N. J.* 447, 454 (1954).

The legal presumption runs in the opposite direction toward the implication that the proceedings of governmental bodies are conducted according to the requirements of the law.

'The presumption of the validity of an ordinance is fully applicable with respect to the regularity of steps and proceedings in its enactment, and accordingly substantial compliance with mandatory requirements pertaining to the passage of an ordinance is presumed. Hence, it is presumed that the municipal legislative body and other city officials have done what is necessary to make the ordinance valid. Indeed, there is as a matter of necessity a presumption in all cases that an ordinance has been properly passed.' 6 *McQuillin, Municipal Corporations* (3d ed. 1950) 354, 22.34."

*Ward v. Montgomery Township,* 28 *N. J.* 529, 539 (1959), and *Moyant v. Paramus,* 30 *N. J.* 528, 534 (1959), also refer to the presumption of the validity of municipal ordinances. In the latter case, at *page* 534, the court said:

"We are mindful of the compulsory admonition of our State Constitution (*Art.* IV, *Sec.* VII, *par.* 11) that the provisions thereof and of any law concerning municipal corporations 'shall be liberally construed in their favor' and of the familiar rule of the presumption of validity of a municipal ordinance."

█ Summary judgment should not be used to defeat litigant's right to a trial on the merits. It should be granted with much caution. *Judson v. Peoples Bank and Trust Co. of Westfield,* 17 *N. J.* 67 (1954); *Monmouth Lumber Co. v. Indemnity Insurance Co. of North America,* 21 *N. J.* 439 (1956).

In the *Judson* case, *supra,* the court said, 17 *N. J.,* at *pages* 73–75:

"The role of the judge in that procedure is to determine whether there is a genuine issue as to a material fact, but not to decide the issue if he finds it to exist. See *Asbill and Snell,* "*Summary Judgment Under the Federal Rules,*" 51 *Mich. L. Rev.* 1143, 155 (1953). * * *

The standards of decision governing the grant or denial of a summary judgment emphasize that a party opposing a motion is not to be denied a trial unless the moving party sustains the burden of showing clearly the absence of a genuine issue of material fact. At the same time, the standards are to be applied with

discriminating care so as not to defeat a summary judgment if the movant is justly entitled to one.

Thus it is the movant's burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact. 6 *Moore's Federal Practice, par.* 56.15(3). The phrasing of our rule, *R. R.* 4:58-3, slightly different from *Federal Rule* 56(c), underscores this in the requirement that the absence of undisputed material facts must appear 'palpably.' All inferences of doubt are drawn against the movant in favor of the opponent of the motion. The papers supporting the motion are closely scrutinized and the opposing papers indulgently treated. *Templeton v. Borough of Glen Rock,* 11 *N. J. Super.* 1, 4 (*App. Div.* 1950). And it is not to be concluded that palpably no genuine issue as to any material fact exists solely because the evidence opposing the claimed fact strikes the judge as being incredible. *Arnstein v. Porter,* 154 *F.* 2d 464, 469 (*C. C. A.* 2, 1946)."

To the same effect are the rulings in *Tanenbaum v. Sylvan Builders,* 29 *N. J.* 63, 67 (1959), and *Mazzilli v. Accident and Casualty Insurance Co.,* 26 *N. J.* 307, 319 (1958).

According to the affidavits submitted by the parties, there are real questions of fact to be determined in the case under consideration, *i. e.:*

(1) Was the zoning ordinance submitted to the Planning Board of the Township of Cranford by the township committee for consideration and report as to its approval, disapproval and suggestions before passage of the ordinance?

(2) Was this submission more than 30 days before its passage?

(3) Did the planning board make a report to the committee prior to passage of the ordinance?

Therefore, the plaintiff's motion for summary judgment is denied.