**EMPLOYMENT SECURITY COMMISSION of Wyoming, Appellant (Defendant below),**

v.

**GREAT WESTERN HOTEL MANAGE- MENT, INC., a Wyoming corporation, Appellee (Plaintiff below).**

**No. 3736.**

Supreme Court of Wyoming.

March 26, 1969.

James E. Barrett, Atty. Gen., Cheyenne, James G. McClintock, Special Asst. Atty. Gen., Casper, for appellant.

Alfred M. Pence, of Pence & Millett, Laramie, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The Employment Security Commission of Wyoming has appealed from a judgment of the district court in Albany County which allowed Great Western Motel Management, Inc., to recover unemployment taxes it had paid under protest to the commission.

Great Western operates the Holiday Inn in Laramie. The taxes in question had been assessed and paid upon tips or gratuities reported to Great Western by its employees, upon forms provided by the Internal Revenue Service under applicable provisions of the Internal Revenue Code of 1954, Title 26, § 6053(a), U.S.C.A.

Counsel for appellant-commission makes it clear there is no disagreement as to facts, and the record shows the hearing in district court was on stipulated facts.

During the time involved in this dispute, and pursuant to agreement, Great Western paid those employees involved in the dispute the following compensation:

(a) Bus girls $1.00 per hour.

(b) Food waitresses $1.05 per hour.

(b) Bar waitresses $1.35 per hour.

Additionally, the employees referred to received tips from customers.

It is our understanding of the facts that employees receiving tips from customers report them to their employer because of and only because of the mandatory requirement for such in the provisions of the Internal Revenue Code of the United States; and that if it were not for the provisions of the Internal Revenue Code, the employer would have no knowledge as to the amount of gratuities which customers give to the employees.

It is the contention of appellant that the contributions in question were legally assessed by reason of the provisions of § 27–23, Part N, W.S.1957, C. 1967, the pertinent portions of which read:

" 'Wages' means all remuneration payable for services from whatever source, including commissions and bonuses and the cash value of all remuneration payable in any medium other than cash. * * * provided, that the term 'wages' shall not include:

\* \* \* \* \* \*

"V. Tips or gratuities paid directly to a worker by a customer of an employer, and not accounted for by the worker to the employer."

It should be noted that Title 26 of the Internal Revenue Code, § 3101, imposes an old-age, survivors, disability, and hospital insurance tax on the "income of every individual," from wages. The tax so imposed is a percentage of the wages of each employee; and *for purposes of the chapter* having to do with federal insurance contri-butions, the term "wages" is so defined, in § 3121(a) of Title 26, that it includes the kind of tips we are dealing with in this case. Parties on both sides have recognized this fact.

Section 3102(a) of Title 26 provides that the tax imposed by § 3101 shall be collected by the employer of the taxpayer. Section 3102(b) makes the employer liable for the payment of such tax; and § 3102(c) extends the liability for collection of such tax to tips reported pursuant to § 6053(a) of Title 26.

Regarding § 6053(a), it requires that *every employee* who receives tips which are wages (as defined in § 3121(a) ) "shall report" all such tips in written statements furnished to his employer, in such form and manner as may be prescribed by the secretary or his delegate.

It is sufficiently obvious so that we need not belabor the point, that the purpose of the Federal Insurance Contributions Act is to impose a tax on all income including tips such as we are here concerned with; that an employer such as the appellee in this case is made an agent for the federal government with the responsibility to collect the imposed tax from his employees; and that the only purpose of the "report" provided for in § 3121(a) is to facilitate collection of the tax.

The language contained in § 3121(a) stating, "for purposes of this chapter," the term "wages" means certain things, in and of itself negatives the idea that the term "wages" necessarily means the same for any other purpose. Also, when § 6053(a) requires that every employee "shall report" his tips to his employer—which would be for purposes of the Federal Insurance Contributions Act—that would not mean such tips are "accounted for" by the worker to the employer within the meaning of § 27–23, Part N, W.S.1957, C. 1967.

■ The term "account for" means to pay over the money to the person entitled thereto and stands in opposition to the right of appropriation to one's own use and benefit. United States v. Rehwald, D.C.

Cal., 44 F.2d 663; Kenney v. Barry, 86 N. H. 35, 162 A. 774; Texas Real Estate Commission v. Bentley, TexCiv.App., 253 S.W.2d 325, 328. See also 1A Words and Phrases, "Account For."

Accordingly, it was said in In re Pringle's Estate, 51 Wyo. 352, 67 P.2d 204, 208, 110 A.L.R. 987, until the executor of an estate has paid over the property of the estate to those legally entitled to it, he has not "accounted" therefor.

It is clear in the case we are dealing with that tips and gratuities did not become the property of the employer. Although the amount of such tips or gratuities were *reported* to the employer, they were not *accounted for* to him in the sense that they were paid over to him. There was indeed a right in the employees at all times to keep and appropriate the tips to their own use and benefit.

Contrary to the idea of accounting for tips to one's employer, in the sense that the tips become the property of the employer and are paid over to him, the requirement that every employee shall "report" his tips to his employer, as used in § 6053(a), denotes the idea that information for tax purposes is to be given to the employer. To "report" in that sense means to convey or disseminate information. Hasbrouck Heights Hospital Ass'n v. Borough of Hasbrouck Heights, Bergen County, 15 N. J. 447, 105 A.2d 521, 525; Rubenstein v. Township of Cranford, 63 N.J.Super. 1, 163 A.2d 486, 490. See also Webster's New World Dictionary, College Edition; and 37 Words and Phrases, "Report," 1968 Cum.Supp.

■ In the Employment Compensation Act of Wyoming, § 27–23, Part N, W.S. 1957, C. 1967, it is expressly stated that the term "wages" shall not include tips or gratuities paid directly to a worker by a customer and not accounted for by the worker to the employer. The tips in this case were not "accounted for" to the employer in the sense in which that term is used in this statute.

We must hold, therefore, regardless of what the term "wages" may mean in other statutes or in other connections, it does not mean what appellant contends in the instant case.

Although the matter is not controlling here, and for that reason we have not discussed it, we think it is of interest to remember that in Padilla v. Henning Hotel Company, 78 Wyo. 144, 319 P.2d 874, 65 A.L.R.2d 968, it was held tips were not "wages" within the meaning of that term as used in Wyoming's minimum wage law. The court said, at 319 P.2d 876:

"These statements recognize (1) that tips are not wages, (2) that the parties have a right by explicit contract to agree that tips will be wages and (3) that only when so contracting does the employer become entitled to have tips credited upon wages paid the employee."

The court further stated, at 319 P.2d 878:

"In the contract as set forth in the court's finding in this case, there is no requirement for any accounting to the employer for tips received by the employee, or for the turning in of such tips into the employer's custody."

There was no contract between Great Western and its employees that tips would be wages or that the employer would own them or become entitled to them. Consequently, the employer was not entitled to have the wages "accounted for" to him; and hence, tips in this case are no more wages than they were in the *Padilla* case.

If the tips in question were not "wages" within the meaning of that term as defined in § 27–23, Part N, and we are so holding, then appellee-employer was entitled to recover the taxes it had paid under protest to the appellant-commission.

Judgment affirmed.