### COCKRELL v. STEFFENS et al. (No. 190.)

(Court of Civil Appeals of Texas. Eastland. March 19, 1926.)

1. **Appeal and error ⊝219(2), 265(1), 1071 (6)—Failure to make certain finding will not be reviewed, where evidence would support finding against appellant, no request was made for additional conclusions, and no exception was taken on account of alleged failure.**

Court's failure to make certain finding will not be reviewed, where evidence would support finding against appellant, no request was made for additional conclusions, and no exception was taken on account of alleged failure.

2. **Reformation of instruments ⊝48—In suit to reform deed, judgment against plaintiff as to interest of certain grantors held to impliedly deny claim of mutual mistake.**

In suit in trespass to try title, and to reform deed to include certain lots, judgment against plaintiff as to interest of certain grantors *held* to impliedly deny claim of mutual mistake in issuing such deed.

3. **Judgment ⊝518.**

Attack on judgment by supplemental petition *held* collateral.

4. **Taxation ⊝648, 692—Neither judgment in tax suit nor sale thereunder is subject to attack collaterally because lien was not foreclosed on each lot separately and order of sale was not returned in 90 days.**

Neither judgment in tax suit nor sale thereunder is subject to attack collaterally because lien was not foreclosed on each lot separately and order of sale was not returned in 90 days, since these are mere irregularities.

5. **Judgment ⊝497(2)—Where judgment in tax suit is silent as to service, record may be looked to to ascertain whether there is defect rendering judgment void.**

Where judgment in tax suit is silent as to method of service, record may be looked to to ascertain whether there is such defect as will render judgment void.

6. **Judgment ⊝490(2).**

Ordinarily irregularities in method of service are not available except on direct attack on judgment.

7. **Judgment ⊝499.**

Where attack on judgment is collateral, whether there was service cannot be determined except by record.

8. **Taxation ⊝810(1)—One attacking tax title held to have burden to show failure to observe requirements of law on material point.**

One seeking to have deed reformed to include certain lots and attacking tax title thereto *held* to have burden to show affirmatively by whole record failure to observe requirements of law on material point.

9. **Taxation ⊝642—Service by posting in tax suit after all papers in county had refused publication for fees allowed by law held proper (Rev. St. 1911, art. 7698).**

Service by posting in tax suit after all papers in county had refused publication for fees allowed by law *held* proper; being literal compliance with Rev. St. 1911, art. 7698.

10. **Judgment ⊝470.**

On collateral attack, all presumptions are in favor of judgment.

11. **Appeal and error ⊝499(3)—Assignment complaining of exclusion of evidence cannot be considered, where bill of exceptions supporting it fails to disclose ground of objection which was sustained.**

Assignment complaining of exclusion of evidence cannot be considered, where bill of exceptions supporting it fails to disclose ground of objection which was sustained.

Error from District Court, Taylor County; W. R. Ely, Judge.

Suit by Joseph E. Cockrell against C. Louis Steffens and others. Judgment for part of relief prayed, and plaintiff brings error. Affirmed.

J. McAllister Stevenson, of Abilene, for plaintiff in error.

Davidson & Hickman, of Abilene, for defendants in error.

PANNILL, C. J. The parties occupy the same position here as in the trial court, and will be so designated. In 1905 Fred Cockrell owned an undivided one-half interest in certain lots situated in Abilene, Tex. J. G. Lowden and O. W. Steffens owned the other half. Plaintiff was employed by all of said parties to and did render certain legal services. As compensation to plaintiff, said parties made to him a deed conveying certain lots, but the lots in controversy were not included in the deed. Plaintiff's suit was to reform this deed. A count in trespass to try title was in the petition. The defendant Moughan claimed certain of the lots sued for, deraigning his title under a judgment and sale thereunder foreclosing the state's lien for taxes. Plaintiff by supplemental petition attacked the judgment for taxes as being void, for the reason that it was against an unknown owner, that the service was by posting and not by publication, and that the order of sale was defective.

The trial was before the court. Recovery for the Fred Cockrell interest was awarded

plaintiff, except as to the lots purchased by Moughan at the tax sale referred to. The Steffens and Lowden interest was awarded to their trustee in bankruptcy, except as against Moughan. The latter recovered the lots conveyed to him under the sale for taxes.

Plaintiff alone has appealed. The court filed conclusions of fact, wherein he concluded that Fred Cockrell had conveyed his interest to plaintiff by a deed which was lost; that, at the time of the institution of the suit for taxes, plaintiff and Hailey, trustee in bankruptcy, of the estates of Steffens and Lowden, were the owners of the lots under contention, but that such ownership did not appear on the deed records, and that the attorney representing the state could not ascertain the names of the owners after using due diligence so to do; that the judgment for taxes and sale thereunder was regular.

[1] The contention is made that the court failed to make any finding as to whether the Steffens and Lowden interest in the lots was by mistake omitted from the deed to plaintiff, and therefore plaintiff was denied the conclusions of fact requested. It is believed that the court's finding referred to, that at the date of the filing of tax suit, plaintiff and Hailey, trustee, were the owners of the lots, was in effect a finding against the claim of mutual mistake. It is conceded that the evidence would support a finding against plaintiff on the issue. No request was made for additional conclusions; nor did plaintiff except to the conclusions on account of the alleged failure. In this state of the record, his right to have the alleged omission reviewed on appeal is concluded. Landers v. McCutchan (Tex. Civ. App.) 161 S. W. 960; Capps et al. v. City of Longview (Tex. Civ. App.) 122 S. W. 427; School District v. Frazier (Tex. Civ. App.) 199 S. W. 846.

[2] The court's judgment against appellant for recovery of the Lowden and Steffens interest, impliedly, at least, denied his claim for mutual mistake in his deed, and thus disposes of the remaining questions as to that issue.

The only other matters necessary to be considered relate to the validity of judgment for taxes and sale thereunder. The court having found that plaintiff was the owner of one-half interest in the lots when the suit for taxes was filed, plaintiff's right to recover against Moughan depends on the validity of the latter's title under the judgment.

[3] Plaintiff's attack on the judgment, being by supplemental petition only, was collateral. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759.

[4] Assignments attacking the judgment because the lien was foreclosed for the gross amount of taxes due on all lots and not against each lot separately, and that the order of sale was not returned within 90 days,

284 S.W.—39

must be overruled. Judgments in tax suits are of equal dignity with judgments generally, and neither the judgment nor the sale thereunder is subject to attack collaterally for irregularities. Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490; Harris v. Mayfield (Tex. Com. App.) 260 S. W. 835.

[5] Such complaints as would render the judgment and sale void will be briefly noticed. The judgment being silent as to the method of service, the record may be looked to in order to ascertain whether there is such defect as will render the judgment void. Earnest v. Glaser, 32 Tex. Civ. App. 378, 74 S. W. 605.

[6-8] Ordinarily irregularities in the method of service are not available except on direct attack. Batjer v. Roberts (Tex. Civ. App.) 148 S. W. 841; Freeman on Judgments, p. 694. Where the attack is collateral, whether there is service cannot be determined except by the record. Stockyards National Bank v. Presnall, 109 Tex. 32, 194 S. W. 384. These statements of course do not refer to those cases enumerated in Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329, where evidence "aliunde" the record may be introduced on collateral attack. In the case under consideration the burden was on the plaintiff to show, affirmatively by the whole record a failure to observe the requirements of law on a material point. Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145.

[9, 10] It does not appear that plaintiff has discharged this burden. The attack is on the method of service as being by posting. The sheriff's return shows posting after all papers in the county had refused publication for the fees allowed by law. This seems to be a literal compliance with article 7698, R. S. 1911. Plaintiffs say that the matter of whether all newspapers had refused publication could not be established by the sheriff's return, but must be determined in advance, before posting is authorized. If so, plaintiff has failed to prove by the record that this did not occur. On collateral attack all presumptions are in favor of the judgment.

[11] The assignment complaining of exclusion of proffered evidence that the date of the order of sale had been changed cannot be considered. The bill of exceptions supporting this assignment fails to disclose the ground of objection which was sustained. Progressive Lumber Co. v. Marshall, etc., Co., 106 Tex. 12, 155 S. W. 175. The record in the case wherein the sale for taxes was had appears to be regular. Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049; Burr v. Lewis, 6 Tex. 76; West v. White (Tex. App.) 16 S. W. 788.

The finding that plaintiff's ownership was unknown is not controverted.

No reversible error appearing, the judgment is affirmed.