## HERBERT et al. v. SMITH.
### No. 9477.

Court of Civil Appeals of Texas. Austin.

Oct. 18, 1944.

Rehearing Denied Nov. 1, 1944.

Lon D. Herbert and J. Earl Barnhouse, both of Alice, and Hinsley, Walker, & Terry, of Austin, for appellants.

W. T. Williams, of Austin, for appellee.

BAUGH, Justice.

This suit involves the title to 354 acres of land in Bastrop County, Texas. Lon D. Herbert, J. Earl Barnhouse, Marshall O. and Berkley Bell, executors of the estate of Mrs. W. G. Bell, deceased, sued Van Smith, W. T. Williams, Thomas M. Sessums and R. O. Miller in trespass to try title to said lands, for damages, and for slander of title. The defendants, Williams, Sessums and Miller, filed disclaimers. The

defendant Smith pleaded not guilty and filed a cross-action in trespass to try title, for damages, and slander of title. The State of Texas intervened and sought foreclosure of its tax lien for delinquent taxes. All issues as between appellants and appellee Smith except title were abandoned, trial was to the court, and judgment rendered for Smith against appellants for title, and for the State for taxes and foreclosure of its tax lien; hence this appeal.

The land in question was in 1929, and for many years prior thereto had been, the property of Mary M. Bell and W. G. Bell, of Travis County. In December of that year the State sued them in the District Court of Bastrop County for delinquent taxes on said land and to foreclose its tax lien. Both were personally served with citation and on their motion the case was continued to the June term, 1930, of that court. On July 22, 1930, the State recovered judgment for $758.81 and foreclosure of its tax lien. Pursuant thereto the Sheriff advertised said land for sale as provided in Art. 7328, R.C.S.1925, sold same on May 5, 1931, and the State became the purchaser, subject to the owners' statutory right of redemption. The Sheriff executed a deed to the State on May 12, 1931. The original owners not having redeemed said lands, the Sheriff, pursuant to the provisions of Art. 7328, in June 1937, again advertised same for sale as under execution, sold and conveyed same to Thomas M. Sessums, the highest bidder, on July 6, 1937, who filed his deed for record the same day. Sessums, joined by W. T. Williams and R. O. Miller, conveyed the land to Van Smith on December 12, 1942. Smith did not place his deed of record until July 23, 1943.

Meantime Mrs. W. G. Bell, in March 1943, filed suit in trespass to try title to said lands in the District Court of Bastrop County, against Thomas M. Sessums and others, and filed a lis pendens notice thereof on March 23, 1943. The defendants in that suit filed disclaimers and on June 18, 1943, Mrs. Bell recovered judgment for said lands. Neither the State nor Van Smith was party to that suit. On June 19, 1943, Mrs. W. G. Bell conveyed a half interest in said lands to Lon D. Herbert and J. Earl Barnhouse, for a recited consideration of $10 cash and legal services rendered. Mrs. Bell died testate on June 20, 1943, and her will, naming Marshall O. and Berkley Bell as independent executors, was probated. Thereafter, on September 20, 1943, this suit was filed and judgment rendered as above stated.

The first contention made by appellants is that the judgment in the trespass to try title suit rendered on June 18, 1943, in favor of Mrs. W. G. Bell against Sessums and others is a bar to Smith's cross-action asserting title through the deed from Sessums to him dated December 12, 1942, not recorded until July 23, 1943. The first proposition urged under this contention is that because Smith did not have his deed of December 12, 1942, recorded until after the judgment in the trespass to try title suit was rendered on June 18, 1943, lis pendens notice of which suit was filed on March 23, 1943, he became a purchaser pendente lite and could not assert his previously executed unrecorded deed against appellants who had no notice of it. This contention is overruled. It is now settled that a prior purchaser of land is not charged with notice of a subsequent suit or lis pendens notice even though his prior deed is not recorded until after such suit or notice. Burke-Simmons Co. v. Konz, Tex.Civ.App., 178 S.W. 587, writ refused; Burt v. Deorsam, Tex.Civ.App., 227 S.W. 354; Martin v. Marquardt, Tex.Civ.App., 111 S.W.2d 285.

The appellants further contend that Herbert and Barnhouse, when they acquired by deed from Mrs. W. G. Bell on June 19, 1943, a one-half interest in said lands, became innocent purchasers for value without notice of Smith's unrecorded deed; and that the burden of proof rested on Smith, which he did not discharge, to show that they were not innocent purchasers. The cases cited by them in support of such contention are not applicable or do not support their contention. See Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S.W. 533, 124 S.W. 85; Newman v. Phalen, Tex. Civ.App., 214 S.W. 958; Barnett v. Squyres, 93 Tex. 193, 54 S.W. 241, 77 Am. St.Rep. 854. These cases relate either to deeds executed prior to 1840, governed by a different statute, subsequently repealed; or the assertion of an equitable title, not subject to registration, as against a legal title; or to fixing a lien on such property. In the instant case, there was neither pleading nor proof that appellants Herbert and Barnhouse were innocent purchasers, nor that they paid a valuable consideration for the interest conveyed to them. The burden was upon them to make such proof. The recitals in the deed do not meet such bur-

den, and there was no proof aliunde that a valuable consideration was paid by them. Rio Bravo Oil Co. v. Staley Oil Co., Tex.Civ.App., 138 S.W.2d 838; 43 Tex.Jur., § 406, p. 688, and cases there cited.

The next contention of appellants is that the sale and conveyance by the Sheriff to Sessums on July 6, 1937, was void and Sessums obtained no title thereunder for the reason that the Sheriff made such sale under Art. 7328, R.C.S., whereas Acts 1937, 45th Leg. Ch. 506 (Vernon's Ann.Civ.St., Art. 7345b) were then in force and controlling, instead of Art. 7328.

This contention is not sustained. While the cited Act of 1937 became effective on May 13, 1937, prior to such sale, that Act is but cumulative of other statutes and by its express provisions applied only to any "suit hereafter brought." The sale in question was made, not of the appellants' interest in said lands, but that of the State of Texas, which had become the purchaser of the land under a judgment rendered in 1930, and because of the failure of the former owners to redeem within two years thereafter. The State owned the land at the time of such sale, and the appellants so pleaded in their answer of the State's intervention in the instant suit, so appellants had no interest either in the lands or the proceeds from any such sale. Booty v. State, Tex.Civ.App., 149 S.W.2d 216.

It is further urged that the conveyance by the Sheriff to the State, dated May 12, 1931, is void for the following reasons:

a. Because the Sheriff's return on the order of sale describes said land as being Abst. No. 123; whereas the order of sale describes it as Abst. No. 122.

b. Because the published notice of sale recited that it was based upon a judgment dated July 22, 1931; whereas the judgment was dated July 22, 1930.

c. Because the publisher's affidavit stated that publication of the notice occurred in the newspapers on April 9, 16, 23, 30, 1930; whereas actual publication was on those dates in 1931.

d. Because the Sheriff's return on the order of sale shows that he mailed a copy of notice of sale to R. A. Brooks, attorney of record for the defendants, and that R. A. Brooks was not in fact such attorney of record.

e. Because the Sheriff sold said tracts of land in solido; whereas the order of sale directed sale in separate tracts. ·

None of these matters render void the judgment, the order of sale, nor the validity of the Sheriff's deed, each of which was regular and valid on its face. They cannot therefore be urged in a collateral attack. The attack here made is admittedly a collateral attack on the tax sale, and the presumption is in favor of its validity. The inaccuracies complained of in a and b above set out are not fatal, but, if entitled to be considered, in view of the other facts shown without dispute are, as held by the trial court, harmless. They were obviously but clerical errors. The names of the parties, the style and docket number of the cause, the correct description of the land, and delinquent taxes were all set forth in the judgment, the order of sale, and the Sheriff's deed. The notice of sale was published in April 1931, and the sale made on May 6, 1931. Thus the mere recital that the judgment was dated subsequent thereto was patently a clerical error. The judgment was otherwise definitely described as to the land, the parties to the suit, and the style and docket number. Even a casual examination would have disclosed the clerical error which was obviously harmless.

The same is true with reference to the contentions made in c and d above The publisher's affidavit is not a part of the judicial proceedings. It is not controverted that the notices were in fact actually published as recited in the Sheriff's deed. As to the contention set forth in d above the trial court found, as the Sheriff's return recited, that R. A. Brooks was the attorney of record for the defendants.

As to the contention made in e above, an examination of the judgment and order of sale fails to show that the Sheriff was directed to sell said lands in separate tracts, unless so requested by the defendants. No such request was made. On the other hand, said tracts of land do not appear to have been assessed separately for taxes. They were treated as a single unit of 354 acres, taxed as such, the delinquent taxes carried on the tax rolls against same as a unit, and the foreclosure of the tax lien sought and decreed against the entire 354 acres for the taxes due on the entire acreage. Obviously, therefore, the two tracts, though separately described by metes and bounds, were considered in solido both for tax purposes and in the judgment and order of sale. See Restivo v. Franklin, Tex.Civ.App., 177 S.W.2d 811.

It is well settled that in order to divest the owner of his title to land under foreclosure, the Sheriff's conveyance rests upon and must comply with the judgment and order of sale. Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319. In the tax sale of 1931, the judgment and order of sale were complied with.

In addition to the foregoing it appears that as against the State's intervention in the instant case claiming further delinquent taxes against said lands for the years 1931 to 1937, the appellants pleaded and had adjudicated in their favor, that from the time of the original sale for taxes in 1931 until the Sheriff conveyed same to Sessums in 1937, the State had good title to said lands and that during those years no taxes thereon accrued to the State. Smith also pleaded laches against appellants and their predecessors in title in acquiescing in, and not asserting any invalidity of the tax sale, for a period of more than 12 years after same occurred, though they had available to them at all times during such period all facts and circumstances now relied upon and herein asserted. The trial court sustained such plea. While it is a general rule that a plea of limitation only, and not one of laches, applies to a legal title set up in an action in trespass to try title (see 27 Tex.Jur., § 4, p. 19); where the pleadings and the evidence raise issues of which the court of equity may properly take cognizance such pleas of laches have been sustained. Ebert v. Smith, Tex.Civ.App., 146 S.W.2d 432; Garcia v. Jones, Tex.Civ. App., 155 S.W.2d 671.

■ Appellants also urge that the trial court erred in sustaining Smith's plea of title under the three-year statute of limitation, Art. 5507, R.C.S. on the ground that neither Smith nor Sessums, his grantor, had paid any taxes on the land since it was deeded to Sessums in July 1937. It is not controverted that Sessums was in possession through tenants continuously from the 7th of July, 1937, until he sold it to Smith on December 12, 1942, and that not until July 12, 1943, did appellants claim possession through tenants of their own choosing. Having failed entirely to establish any title in themselves in their suit in trespass to try title against Smith and Sessums, who had been in open, visible, peaceable adverse possession, through tenants for more than three years, appellants were clearly barred under the three-year statute. Smith' was not claiming title under adverse possession of three years and payment of taxes; but under a regular chain of title, duly recorded and continuous possession under such legal title. Having prevailed in his assertion of his legal title, and the appellants not having shown adverse possession in themselves, the limitation question became immaterial.

■ The last contention made by appellants complains of the judgment for the State as intervenor for delinquent taxes on said land for the years 1929–1931 (not included in the tax judgment of 1930), and for the years 1938 to 1941, inclusive, and foreclosure of the tax lien. No personal judgment was rendered against any of the appellants for any part of said taxes, and neither the State nor the appellee Smith are complaining of this portion of the judgment. Not having recovered any interest or title in said lands, this portion of the judgment in nowise affects the appellants and they cannot be heard to complain.

Finding no error in the record which materially affects any substantial rights of the appellants, the judgment of the trial court is affirmed.

Affirmed.