**George B. SHEPARD; James C. Mills, Individually and d/b/a MultiMortgage BanCorp; and MultiMortgage Ban-Corp, Inc., Appellants,**

v.

**Elbert G. BOONE, Jr. and Mary Ella Boone, Appellees.**

No. 11–02–00043–CV.

Court of Appeals of Texas, Eastland.

Jan. 23, 2003.

Lester Buzbee, III, Humble, for appellant.

Percy L. Wayne Isgitt, C. Zan Turcotte, Law Office of Percy L. "Wayne" Isgitt, P.C., Houston, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and McCLOUD, S.J.*

Opinion

AUSTIN McCLOUD, Senior Justice (Retired).

This is a wrongful foreclosure case. Elbert G. Boone, Jr. and Mary Ella Boone, appellees, sued George B. Shepard and James C. Mills, individually and d/b/a MultiMortgage BanCorp, and MultiMortgage BanCorp, Inc., appellants, seeking to set aside a foreclosure sale. On March 15, 2001, the trial court entered a partial summary judgment ordering that a trustee's sale by Mills, substitute trustee, was void. The court further ordered that the trustee's deed from Mills, substitute trustee, to Shepard was void. On October 3, 2001, the trial court held a hearing on attorney's fees. On October 16, 2001, the court entered a final judgment awarding appellees $29,356.00 in attorney's fees. The judgment stated that "[a]ll relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable."

Appellants appeal. We affirm the summary judgment, reverse the award of attorney's fees, and remand that issue to the trial court for a new trial.

In 1986, appellees signed a contract for improvements to their home, a deed of trust covering their residence, and a promissory note in the amount of $45,011.00. The note was made payable to Briercroft Savings Association in monthly installments of $697.17. Briercroft assigned the note to Old Republic Insured Financial Acceptance Corporation on October 23, 1995. On January 6, 1998, Old Republic assigned all of its interest in the "Contract for Improvements" and "Deed of Trust" executed by appellees to "MultiMortgage BanCorp." The written assignment did not assign the $45,011.00 note that was executed by appellees. On January 8, 1998, Mills, as president of MultiMortgage BanCorp, notified appellees by letter that MultiMortgage BanCorp had purchased appellees' note and deed of trust. Mills stated in the letter that appellees were required to provide the "Noteholder" with insurance coverage and with proof that all taxes were current and paid when due. Mills stated that, should appellees fail to comply within 20 days, the owner and holder could at its option declare the entire balance of the indebtedness due and payable and sell the property at foreclosure to satisfy such indebtedness. On January 29, 1998, notice was given to appellees that a foreclosure sale would be conducted on March 3, 1998, because of default in the payment of the indebtedness. On March

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

3, 1998, Mills, as substitute trustee, executed a deed conveying appellees' real property to Shepard.

Appellees alleged, among other things, in their motion for summary judgment that MultiMortgage BanCorp was not the owner and holder of the note at the time of the foreclosure sale. Appellants responded by relying upon the written assignment from Old Republic to MultiMortgage BanCorp dated January 6, 1998.

■ The trial court's order granting the partial summary judgment did not specify the ground or grounds relied on by the court for its ruling. We must affirm the summary judgment if any of the theories urged by appellees in their motion for summary judgment are meritorious. *Carr v. Brasher*, 776 S.W.2d 567 (Tex.1989).

■ Appellees argue that they established that they were entitled to a summary judgment on the issues "expressly presented to the trial court" by conclusively proving all the essential elements of their cause of action as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). We agree. The court in *City of Houston v. Clear Creek Basin Authority, supra* at 678–79, stated:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. No longer must the movant negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not. (Emphasis in original)

The "holder" of a negotiable instrument is defined in TEX. BUS. & COM. CODE ANN. § 1.201(20) (Vernon Supp.2003) as:

> [T]he person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.

TEX. BUS. & COM. CODE ANN. § 3.201 (Vernon 2002) provides in part:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

> (b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder.

In *Jernigan v. Bank One*, Texas, N.A., 803 S.W.2d 774, 777 (Tex.App.-Houston [14th Dist.] 1991, no writ), the court recognized that, under certain circumstances, a promissory note can be transferred without a written assignment or proper indorsement. The court held:

> Promissory notes can be transferred lawfully without a written assignment or an indorsement by the legal owner or holder. *Waters v. Waters*, 498 S.W.2d 236, 241 (Tex.Civ.App.-Tyler 1973, writ ref'd n.r.e.); see also *Christian v. University Federal Savings Association*, 792 S.W.2d at 534. Absent an indorsement, however, possession must be accounted for by proving the transaction through which the note was acquired. Tex. Bus. & Com.Code Ann. § 3.201(c), Comment 8 (Vernon 1968); *Lawson v. Finance America Private Brands, Inc.*, 537 S.W.2d at 485. Appellee has presented no proof of any transfer that would vest in it ownership rights sufficient to enforce payment of the note.

See *Northwestern National Insurance Company v. Crockett,* 857 S.W.2d 757, 758 (Tex.App.-Beaumont 1993, no writ).

Here, appellants failed in their written response to appellees' motion for summary judgment to allege or present sufficient summary judgment proof that MultiMortgage BanCorp was the owner and holder of the note signed by appellees. *City of Houston v. Clear Creek Basin Authority, supra* at 678–79. Appellants' written response and summary judgment proof relied upon the written assignment from Old Republic to MultiMortgage BanCorp. That assignment did not assign the note signed by appellees. The summary judgment proof conclusively established that the party (MultiMortgage BanCorp) that foreclosed on appellees' residence was not the owner and holder of the note. The trial court correctly granted the partial summary judgment.

Appellants contend that the trial court erred in granting appellees' motion to file their "Supplemental Third Amended Petition" and in awarding appellees attorney's fees pursuant to the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997). We agree.

■ In their third amended original petition, appellees alleged that the note, deed of trust, and contract were void. The court expressly refused to find that these instruments were void in the partial summary judgment that was entered. Appellees also alleged that the foreclosure was wrongful and placed a cloud on appellees' title to the property because MultiMortgage BanCorp was not the owner and holder of the note at the time of the fore-

closure and sale. Appellees specifically alleged, in a separate paragraph titled "Attorney's Fees," that they were entitled to attorney's fees pursuant to "16 C.F.R. 433 and/or Tex. Civ. Prac. & Rem.Code § 38.001."

On October 3, 2001, the day of the hearing on attorney's fees, appellees filed a motion to file a "supplemental" third amended petition. The supplemental petition states:

> Plaintiffs are entitled to recover their reasonable and necessary attorney's fees pursuant to the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem.Code § 37.001, because their causes of action include a declaration of rights, status and legal relations under a written contract and other writings. Tex. Civ. Prac. & Rem.Code § 37.004. This Court has granted partial summary judgment in favor of Plaintiffs declaring the foreclosure sale against the Plaintffs' real property and trustee's deed resulting from the sale void, because none of the Defendants own and hold the Note and Deed of Trust upon which the foreclosure was predicated. This declaration of the parties' rights constitutes relief pursuant to Tex. Civ. Prac. & Rem.Code § 37.004, and entitles Plaintiffs to attorney's fees pursuant thereto.

After the parties presented their arguments and authorities, the court granted appellees' motion to file their supplemental third amended petition. Appellants urged in their objections at trial, and in this appeal, that the request for attorney's fees pursuant to Section 37.009 was a "surprise" under TEX.R.CIV.P. 63 and 66 and a "substantive" change.[1] We agree. See

---

1. Appellants did not object that appellees' cloud-on-title allegation involved a dispute over title to land, and attorney's fees are not to be awarded in this type of suit under the Texas Declaratory Judgments Act. Therefore,

we will not discuss that issue. See *The John G. and Marie Stella Kenedy Memorial Foundation v. David Dewhurst, Commissioner of the General Land Office,* 90 S.W.3d 268 (Tex.2002); *Brainard v. State,* 12 S.W.3d 6, 27–30 (Tex.

*Chapin & Chapin, Inc. v. Texas Sand & Gravel, Inc.*, 844 S.W.2d 664 (Tex.1992).

Appellees argued before the trial court and on this appeal that they had sought attorney's fees pursuant to Section 37.009 in their third amended original petition filed July 6, 2000. We disagree. In their third amended original petition, appellees sought "Attorney's Fees" pursuant to two specifically alleged statutes. In their prayer, appellees requested ."[r]easonable attorney's fees" and a *"declaration* that the Substitute Trustee's Deed, the Note, the Deed of Trust, the Contract ... are void" along with several other requests. (Emphasis added) The inclusion in the prayer of the word "declaration" was not a proper allegation for attorney's fees pursuant to Section 37.009. The supplemental third amended petition, which was filed on the day of the hearing, asserted a "new cause of action" for attorney's fees pursuant to the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 et seq. (Vernon 1997 & Supp.2003), and was prejudicial on its face. See *Greenhalgh v. Service Lloyds Insurance Company*, 787 S.W.2d 938 (Tex.1990). *Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 939 (Tex.App.-El Paso 1994, no writ), and the other cases cited by appellees are distinguishable. We note that the court in *Purvis Oil Corp.* pointed out that, in Hillin's "amended answer, it specifically requests an award of attorney's fees pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code (Uniform Declaratory Judgments Act)." No similar allegation was made by appellees in their third amended original petition. Such allegation was first made in their supplemental third amended petition which was filed on the day of the trial of the issue of attorney's fees. We hold that appellees did not allege that they were entitled to attorney's fees pursuant to the Texas Declaratory Judgments Act in their third amended original petition. Also, the trial court abused its discretion in granting appellees' motion to file their supplemental third amended petition and in awarding appellees attorney's fees of $29,356.00. The issue of attorney's fees is remanded to the trial court.

The trial court's judgment granting the partial summary judgment is affirmed. The award of attorney's fees is reversed, and the attorney's fees issue is remanded to the trial court.

1999); *Amerman v. Martin*, 83 S.W.3d 858 (Tex.App.-Texarkana 2002, pet'n filed); 17

WILLIAM V. DORSANEO III ET AL., TEXAS LITIGATION GUIDE § 257.06(3) (Nov.2000).