**Danny J. HAWK and Mitchell R. Henson, Appellants,**

v.

**E.K. ARLEDGE, INC.; Cynthia Diane Arledge Robertson; and Founders National Bank—Skillman, Appellees.**

**No. 11–02–00097–CV.**

Court of Appeals of Texas, Eastland.

March 20, 2003.

Order Granting Rehearing in Part and Overruling in Part May 1, 2003.

Gayle E. Oler, Dallas, for appellants.

Alan Trust, Trust Law Firm, Dallas, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

JIM R. WRIGHT, Justice.

E.K. Arledge, Inc. (Arledge) sued Danny J. Hawk and Mitchell R. Henson, appellants, to quiet title to two tracts of land.[1] Appellants claim title to the tracts by virtue of a substitute trustee's deed which they received following a vendor's lien foreclosure and sale. Arledge claims title to the same tracts by virtue of a sheriff's deed which it received following foreclosure and sale under ad valorem tax liens. The trial court entered a summary judgment in favor of Arledge, denied appellants' motion for summary judgment, and awarded attorney's fees to all appellees. The outcome of other claims in the lawsuit are not presented to us. The effect of the summary judgment entered by the court was to quiet title to the properties in Arledge. We modify the judgment of the trial court to delete the award of attorney's fees to appellees; and, as modified, we affirm.

From February 17, 1988, until June 3, 1997, the date of the sale following the tax lien foreclosure under which Arledge claims title, James B. Johnson was the owner of the fee title to the two tracts of land involved in this lawsuit. During all of that time, the property was subject to

deed of trust liens securing various notes. On February 1, 1990, the Resolution Trust Corporation (RTC) was appointed receiver for the owner of the notes and deeds of trust. RTC subsequently assigned the notes and liens to South Star Management Company, Inc. After various conveyances, the notes and liens eventually were assigned to National Heritage Life Insurance Company. On November 21, 1995, a receiver was appointed for National Heritage Life Insurance Company (NHL Receiver). In 1998, NHL Receiver transferred the notes and deeds of trust to appellants. In January and February 1999, the substitute trustee under those deeds of trust held non-judicial foreclosure sales of the properties, and conveyed the properties to appellants, the purchasers at the foreclosure sale.

Meanwhile, in 1990, various taxing authorities joined in a suit to collect delinquent ad valorem taxes on both tracts of land. In 1995, RTC filed a disclaimer in the tax suit. In 1996, National Heritage Life Insurance Company, In Liquidation, was named a party in the tax suit and filed its answer on October 11, 1996. The suit was not tried until 1997; and, after amending the lawsuit, the taxing authorities sought recovery of delinquent taxes for the years 1988–96. On January 22, 1997, some two years prior to the deed of trust foreclosures under which appellants claim, the trial court foreclosed the tax liens and ordered the properties sold. The sheriff sold the properties for $78,889.53 more than the taxes and costs due; Johnson sought and was paid that excess. On June 3, 1997, the sheriff deeded both tracts by sheriff's deed to Arledge's predecessor in title. Although there were some changes

---

1. Cynthia Diane Arledge Robertson and Founders National Bank Skillman were brought into the lawsuit as third-party defendants, but they make no claim to the ownership of the fee title to either of the two tracts of land involved in this lawsuit.

in Arledge's title after its predecessor had deeded the properties to it, any title arising by virtue of the sheriff's deed was held solely by Arledge at the time of the filing and of the trial of this case.

Appellants present five issues on appeal. Appellants' first issue on appeal is that the trial court erred when it granted appellees' motion for partial summary judgment. Appellants argue, in part, that the tax lien foreclosure sale did not vitiate the liens under which their title emanates.

We review a traditional motion for summary judgment in accordance with the following standards: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420 (Tex.1997); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985). No-evidence motions for summary judgment are reviewed in the same manner as other motions for summary judgment. *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614 (Tex.App.-Eastland 2000, pet'n den'd).

When there are competing motions for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence on both sides and determine all questions presented. *Bradley v. State ex rel. White*, 990 S.W.2d 245 (Tex.1999). The standard of review in cases in which the trial court has denied a

motion for summary judgment is the same standard used to review cases in which the trial court has granted a motion for summary judgment. *Eastland County Cooperative Dispatch v. Poyner*, 64 S.W.3d 182, 187 (Tex.App.-Eastland 2001, pet'n den'd).

The trial court did not specify the grounds for its summary judgment. When a trial court does not specify the grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Cincinnati Life Insurance Company v. Cates*, 927 S.W.2d 623 (Tex.1996); *State Farm Fire & Casualty Company v. S.S. and G.W.*, 858 S.W.2d 374 (Tex.1993).

■ Appellants argue that the tax foreclosure was ineffective as against their interests because of the application of 12 U.S.C.A. § 1825(b)(2) (West 2001), a part of the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), which provides as follows:

> No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale *without the consent* of the Corporation, nor shall any involuntary lien attach to the property of the Corporation. (Emphasis added)

Appellants argue that Section 1825(b)(2) requires that NHL Receiver's consent should have been obtained before a foreclosure of the tax liens could take place. They argue that the consent which would have been required from RTC by Section 1825(b)(2) is a protection which is extended to "downstream assignees" of RTC. We disagree. Here, RTC was not the owner of the interest at the time of the foreclosure of the tax liens. Our concern in this case is with the time of the enforcement of the tax liens, not the time at which they attached.[2] Because RTC was not the own-

---

**2.** For a discussion of the attachment of tax

liens (as opposed to the foreclosure of tax

er of the deed of trust liens at the time of the foreclosure of the tax liens, RTC's consent was not required. *Matagorda County v. Russell Law,* 19 F.3d 215 (5th Cir.1994); see also *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562 (Tex.2001)(discussing FIRREA and the unavailability of the extended six-year statute of limitations to a "downstream assignee" when the subject cause of action did not accrue while Federal Deposit Insurance Company held the property).[3] It follows that, since RTC's consent was never required, such protection could not be extended to "downstream assignees" such as appellants. Because we have determined that the consent of RTC's assignee was not required, we will not address the issue of whether that consent was obtained.

■ Appellants also attack the judgment and sale in the tax suit. They contend that, if the tax judgment and tax sale are construed as requiring that both tracts be sold together, then the judgment violates the provisions of TEX. CONST. art. VIII, § 15 as well as TEX. CIV. PRAC. & REM. CODE ANN. § 34.042 (Vernon 1997). After reviewing the judgment and the order of sale, we believe that the judgment and order permit both tracts to be sold together.

In *Herbert v. Smith,* 183 S.W.2d 191 (Tex.Civ.App.-Austin 1944, writ ref'd w.o.m.), the complaint was made that the sheriff sold the tracts, upon which tax liens had been foreclosed, together rather than separately. The court stated that the fact that the properties were sold together did not render the judgment, the order of sale,

or the sheriff's deed void. Therefore, they could not be attacked collaterally.

The same result was reached by the court in *Cockrell v. Steffens,* 284 S.W. 608, 609 (Tex.Civ.App.-Eastland 1926, no writ). There, this court stated:

Assignments attacking the judgment because the lien was foreclosed for the gross amount of taxes due on all lots and not against each lot separately ... must be overruled. Judgments in tax suits are of equal dignity with judgments generally, and neither the judgment nor the sale thereunder is subject to attack collaterally for irregularities.

■ A judgment of a court of general jurisdiction is not subject to collateral attack in another court of equal jurisdiction unless it is void. A judgment is void only when the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985).

As in *Cockrell* and *Herbert,* the judgment, order, and sale in this case are not void and may not be collaterally attacked.

■ Even if we are incorrect in our holding that the judgment, order, and sale are not void, there is another reason that appellants cannot prevail upon this issue. The summary judgment proof shows that both Johnson and NHL Receiver had knowledge that the sheriff would sell the properties together if no one requested otherwise; no one did.

liens), see *Sadeghian v. City of Denton,* 49 S.W.3d 403 (Tex.App.-Fort Worth 2000, pet'n den'd); *PNL Asset Management Company, L.L.C. v. Kerrville Independent School District,* 37 S.W.3d 80 (Tex.App.-San Antonio 2000, pet'n den'd). See TEX. TAX CODE ANN. § 32.05 (Vernon 2001).

3. The court in *Matagorda* discussed the policies behind affording protection to assignees of the RTC or FDIC in some instances and not in others, and we will not discuss those policy issues further here.

Appellants rely upon *Keda Development Corporation v. Stanglin,* 721 S.W.2d 897 (Tex.App.-Dallas1986, no writ). In *Stanglin,* the owner of the property at the time of the foreclosure and sale, under city paving liens, complained that the property foreclosed upon had been foreclosed and sold in bulk rather than in individual tracts. The purchaser at the sale argued that the owner should be estopped from complaining because several years had elapsed since the date of the judgment. The appellate court disagreed. However, the facts in *Stanglin* are distinguishable. Here, the parties to the tax suit were on notice of the manner in which the properties would be sold. Such was not the case in *Stanglin,* where the court in *Keda Development Corporation v. Stanglin, supra* at 902 noted:

> We disagree since the right of Stanglin to contest the sale occurred after the sale was conducted when he became aware of the manner in which his properties were sold. He had no occasion to complain earlier.

■ We hold that, as a matter of law, Arledge held a superior title to the properties by virtue of the sale following the tax lien foreclosure. Section 1825(b)(2) did not protect appellants from that foreclosure and sale. Additionally, appellants may not collaterally attack the judgment, order, and sale under the circumstances of this case. Further, appellants' predecessors participated in the tax suit and sale and were given the opportunity to demand that the property be sold in a different fashion. The trial court did not err when it granted summary judgment that Arledge held the superior title. It necessarily follows that neither did the trial court err when it refused to grant summary judgment to appellants. Appellants' first three issues on appeal are overruled. In view of our holding on the first three issues on appeal, we need not discuss appellants' fourth issue.

■ In their fifth issue on appeal, appellants challenge the award of attorney's fees to appellees. Appellees sought attorney's fees under the Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN., §§ 37.001 et seq. (Vernon 1997 & Supp.2003). In particular, Section 37.009 provides: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form. *Johnson v. Bryan,* 62 Tex. 623 (1884); *Jordan v. Exxon Corporation,* 802 S.W.2d 880 (Tex.App.-Texarkana 1991, no writ). The reality in this lawsuit is that it involves the issue of title. Attorney's fees are not recoverable when the real essence of the suit is one in trespass to try title. *Southwest Guaranty Trust Company v. Hardy Road 13.4 Joint Venture,* 981 S.W.2d 951, 957 (Tex.App.-Houston [1st Dist.] 1998, pet'n den'd). The claim for declaratory relief is "merely incidental to the title issues" and attorney's fees are not recoverable. See *John G. and Marie Stella Kenedy Memorial Foundation v. Dewhurst,* 90 S.W.3d 268, 289 (Tex.2002); see also *Shepard v. Boone,* 99 S.W.3d 263 (Tex. App.-Eastland, 2003, no pet'n h.)(n. 1). We agree with appellants' fifth issue on appeal.

The judgment of the trial court is modified to delete the award of attorney's fees to appellees, and, as modified, is affirmed.

### On Motion for Rehearing

■ In our original opinion, we held that the trial court erred in awarding attorney's fees to appellees. In their motion for rehearing, appellants claim that, if the attorney's fees are not recoverable by E.K.

Arledge, Inc., then neither are the expenses awarded to it. The trial court segregated the awards in its order. We note that, while it could be said that the complaint which appellants make regarding expenses is made for the first time on motion for rehearing, we believe that the argument regarding expenses is a question which is fairly included in the original issue and, therefore, is not waived. See TEX.R.APP.P. 38.1(e). Furthermore, just as the attorney's fees were not allowable for the reasons stated in our original opinion, neither are the expenses awarded by the trial court to Arledge.

We have considered all of appellants' remaining arguments on motion for rehearing, and they are overruled.

The motion for rehearing is granted in part and overruled in part.

Our opinion and judgment are amended to omit the $14,316.93 award of expenses to Arledge.