

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00465-CV

---

BILTEX ENTERPRISES, INC. N/K/A
LESIKAR OIL AND GAS
COMPANY; AND LYNWOOD
LESIKAR

APPELLANTS

V.

A.J. MYERS D/B/A MYERS
PRODUCTION

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
TRIAL COURT NO. CV08-0190

----------

## MEMORANDUM OPINION[1]

----------

Appellants Biltex Enterprises, Inc. n/k/a Lesikar Oil and Gas Company

(Biltex) and Lynwood Lesikar, Individually and as Assignee (Lesikar), appeal

from the trial court's take-nothing judgment against them on their trespass to try

---

[1]*See* Tex. R. App. P. 47.4.

title claim against Appellee A.J. Myers d/b/a Myers Production (Myers) and awarding Myers its attorney's fees. We reverse and render.

## Background

This suit arises out of operations under a 1948 oil, gas, and mineral lease and subsequent amendments thereto covering an eighty-acre tract of land in Parker County, Texas. This tract is part of Poolville Unit 7, a 352-acre pooled unit. Poolville Unit 7, Well #1 is located on the eighty-acre tract.

The primary term of the lease was ten years, but the lease provided that it would continue thereafter as long as oil, gas, or other minerals were being produced from the land. In 1955, the lease was modified to provide as follows:

> If, for any period or periods of time after discovery of gas or gas condensate or distillate, no gas or gas condensate or distillate is produced from the leased premises but there is located thereon a gas well or condensate well or distillate well from which the gas is not sold or used off the premises . . . it shall be deemed, nevertheless, that gas is being produced from the leased premises, for the purpose of continuing thi[s] lease in effect as long as there r[e]main upon the leased premises one or more wells capable of producing gas if lessee shall commence or resume the payment of rentals (whether during or subsequent to the primary term hereof) in like amount and in like manner as if produced for herein and continue the payment of such rentals annually until production of oil, gas or other mineral is commenced or resumed . . . .

Biltex acquired the eighty-acre tract in July 1984. In January 2005, Myers acquired all working interests in the leases and land described in the Poolville Unit 7 unit declarations insofar and only insofar "as they cover or apply to the production of oil, gas, and associated hydrocarbons from the wellbore of the Poolville Unit 7, Well #1" and further limited "to depth from the surface of the

2

earth down to and including 5,501 feet below the surface as identified in the Poolville Unit 7, Well #1."

In April 2005, Biltex filed suit against Myers, seeking a declaratory judgment that the lease had terminated because the Poolville Unit 7, Well #1 had failed to produce gas in paying quantities from May through September 2003.[2] Myers filed a counterclaim seeking a declaratory judgment that "the Lease is valid and in full force and effect" and further declaratory relief to "remove the uncertainty and doubt with respect to the rights, status, duties, obligations and relationship of [Myers] and [Biltex] under and by virtue of the Lease." Myers also asserted a suit to quiet title or remove cloud from title and pled for attorney's fees under chapters 37 and 38 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011, 38.001–.006 (West 2015).

Biltex conveyed the tract to Lesikar in July 2008. In 2012, Biltex amended its petition, adding Lesikar as a plaintiff, converting its declaratory judgment claim into a trespass to try title claim, and asserting a claim for damages for the value of the minerals removed by Myers since December 2004. Biltex later amended its petition to include a negligence claim, alleging that Myers's negligence in maintaining the wellhead caused injury to one of Lesikar's bulls.

---

[2]Biltex changed its theory as to the time period in which it alleged the well ceased production in paying quantities multiple times during the case. In its live petition at the time of trial, Biltex alleged that from November 1, 2001, to September 1, 2003, the well was not producing in paying quantities.

In August 2013, the parties tried their claims to a jury. The jury found that the well did not cease to produce oil and gas in paying quantities between November 2001 and September 2003 and that Biltex and Lesikar's claims were barred by laches.[3] The jury further found that Myers's reasonable and necessary attorney's fees were $51,000 for representation in the trial court, $25,000 for an appeal to the court of appeals, $10,000 for a petition for discretionary review to the supreme court, $10,000 for briefing in the supreme court, and $5,000 for oral argument and completion of the proceedings in the supreme court. The trial court entered a take-nothing judgment on Biltex and Lesikar's trespass to try title claim and awarded Myers $51,000 in trial attorney's fees and conditional appellate attorney's fees of $25,000 in the event of an unsuccessful appeal to the court of appeals, $10,000 in the event of an unsuccessful appeal to the supreme court at the petition for review stage, $10,000 in the event of an unsuccessful appeal to the supreme court at the briefing on the merits stage, and $5,000 in the event of an unsuccessful appeal to the supreme court for representation through oral argument and the completion of proceedings. Biltex and Lesikar appealed.

_____

[3]The charge also included a question regarding the value of the gas removed from the well by Myers from February 2007 to the present. The jury did not answer this question because it was conditioned on the jury finding that the well ceased to produce oil and gas in paying quantities between November 2001 and September 2003.

4

**Analysis**

In their sole issue, Biltex and Lesikar argue that because this case is a trespass to try title action, the trial court erred by awarding Myers attorney's fees. Myers responds that its declaratory judgment counterclaim provided an independent basis for attorney's fees because it sought declaratory relief separate and apart from Biltex and Lesikar's title claims.

Both trespass to try title cases and declaratory judgment actions are statutory creations. Property code section 22.001(a) provides that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001(a) (West 2014). Trespass to try title is the exclusive remedy to resolve competing claims to property. *Lile v. Smith*, 291 S.W.3d 75, 77 (Tex. App.—Texarkana 2009, no pet.). The prevailing party's remedy is title to, and possession of, the real property interest at issue. *Vernon v. Perrien*, 390 S.W.3d 47, 54 (Tex. App.—El Paso 2012, pet. denied).

The declaratory judgment act provides as follows:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). In a proceeding under the declaratory judgment act, a trial court has the authority to award "reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

5

A trial court does not, however, have authority to award attorney's fees in trespass to try title suits. *See EOG Res., Inc. v. Killam Oil Co., Ltd.*, 239 S.W.3d 293, 304 (Tex. App.—San Antonio 2007, pet. denied) (holding recovery of attorney's fees is barred in a trespass to try title action because it is not provided for in the property code). Moreover, a party cannot recover attorney's fees under the declaratory judgment act when the only issues, aside from attorney's fees, concern clearing of title or trespass to try title. *AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 588 (Tex. App.—Dallas 2008, no pet.); *Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 957 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (op. on reh'g). "Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form." *Hawk v. E.K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied). Because a claim for declaratory relief is "merely incidental to the title issues," the declaratory judgment act will not supplant a suit to quiet title by allowing attorney's fees under such circumstances. *Id.* (quoting *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002)); *Sw. Guar. Trust*, 981 S.W.2d at 957.

When a statute states that a trial court "may" award attorney's fees, such an award is reviewable for an abuse of discretion. *Smith v. McCarthy*, 195 S.W.3d 301, 304 (Tex. App.—Fort Worth 2006, pet. denied) (op. on reh'g); *see Street v. Skipper*, 887 S.W.2d 78, 83 (Tex. App.—Fort Worth 1994, writ denied). A trial court abuses its discretion if the court acts without reference to any guiding

rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

Myers argues that because it brought separate declaratory judgment claims that fell within civil practice and remedies code section 37.004, it was entitled to attorney's fees under section 37.009. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004, .009. According to Myers, this case was not "a simple title dispute over competing deeds, but [it] sought determination of the parties' rights and obligations under the Lease, including the ability of Biltex as surface owner to impede the operations of Myers as mineral estate owner." Myers further contends its declaratory judgment claims raised issues beyond those raised by Biltex and Lesikar and that the effect of the take-nothing judgment, which vested title in Myers, resolved the issue of the parties' ongoing rights, specifically, that Myers can continue its operations and that Biltex does not have the right to lock out Myers or to vandalize or interfere with Myers's equipment on the property.

Myers's declaratory judgment action sought "a judgment and order declaring that the Lease is valid and in full force and effect" and "a judgment and order which will remove the uncertainty and doubt with respect to the rights,

7

status, duties, obligations and relationship of [Myers] and [Biltex] under and by virtue of the Lease." In support of its counterclaims, Myers alleged

> From and after the end of the primary term of the Lease, as modified, there has been continuous production of oil and/or gas in commercial quantities. [Biltex] . . . filed this suit claiming that the Lease has terminated pursuant to its terms and provisions. [Myers] alleges and believes that the Lease, in fact, has not terminated and, accordingly, is currently a valid, binding and subsisting oil and gas lease in full force and effect.

This case involves competing claims to the mineral estate, and every substantive issue was resolved by the jury's determination that the well had not ceased to produce in paying quantities between November 2001 and September 2003. This case did not involve the construction of the lease or a determination of the parties' rights and obligations thereunder. Both of Myers's requests for declaratory relief are, in essence, title determinations. *See Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 723–27 (Tex. App.—Eastland 2011, pet. denied) (op. on reh'g) (holding that plaintiff who sought declaratory judgment that seven oil and gas leases had not terminated and that plaintiff was operator of four wells located on those leases should have proceeded with trespass to try title suit rather than declaratory judgment claim because case "involved rival claims to the mineral estate, and every substantive issue was resolved when the trial court determined who owned the mineral estate"); *BP Am. Prod. Co. v. Marshall*, 288 S.W.3d 430, 453 (Tex. App.—San Antonio 2008) (op. on reh'g), *rev'd on other grounds*, 342 S.W.3d 59 (Tex. 2011) (holding that case was not a proper declaratory judgment action because it did not involve the construction of

8

a lease but whether the operator had engaged in good faith drilling or reworking operations without a sixty-day cessation and whether it had committed fraud); *Natural Gas Pipeline Co. of Am. v. Pool*, 30 S.W.3d 618, 636–37 (Tex. App.—Amarillo 2000), *rev'd on other grounds*, 124 S.W.3d 188 (Tex. 2003) (holding case was essentially a trespass to try title action because the suit did not involve the construction of the leases but an evidentiary determination of whether production had terminated). Thus, we conclude that Myers was not entitled to an award of attorney's fees under the declaratory judgment act and that the trial court abused its discretion in awarding attorney's fees to Myers. *See XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 62–63 (Tex. App.—Fort Worth 2011, pet. denied) (concluding that although validity of the deed was contested, essence of suit was title dispute and therefore award of attorney's fees pursuant to declaratory judgment act was improper); *Sani v. Powell*, 153 S.W.3d 736, 745 (Tex. App.—Dallas 2005, pet. denied) (stating "[a]ny suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form" and attorney's fees pursuant to the declaratory judgment act "are not available in a suit to quiet title or to remove cloud on title"). Accordingly, we sustain Biltex and Lesikar's sole issue.

Biltex and Lesikar also argue that Myers failed to segregate attorney's fees between the parties and between claims for which fees are authorized and claims for which fees are not authorized. Because we hold the trial court abused

9

its discretion in awarding Myers its attorney's fees, which is dispositive of the appeal, we need not address this argument.  *See* Tex. R. App. P. 47.1.

## Conclusion

Having sustained Biltex and Lesikar's sole issue, we reverse the portion of the judgment awarding Myers attorney's fees and render judgment that Myers take nothing on its claim for attorney's fees.  *See* Tex. R. App. P. 43.2(c).


/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER, and GABRIEL, JJ.

LIVINGSTON, C.J. concurs without opinion.

DELIVERED:  April 30, 2015